NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 22 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHRISTINA NATALIA KURNIAWAN, Petitioner, v. LORETTA E. LYNCH, Attorney General, Respondent. | No. 13-74105 Agency No. A088-486-473 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 14, 2016[**]

Before:     WALLACE, LEAVY, and FISHER, Circuit Judges.

Christina Natalia Kurniawan, a native and citizen of Indonesia, petitions for

review of the Board of Immigration Appeals' order dismissing her appeal from an

immigration judge's decision denying her application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT").   We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

Substantial evidence supports the agency's conclusion that the incidents of harm Kurniawan experienced in Indonesia, even considered cumulatively, did not rise to the level of persecution. *See id*. at 1059-60; *Halim v. Holder*, 590 F.3d 971, 975-76 (9th Cir. 2009) (applicant who was stripped, spat on, threatened, and denied medical attention as a child, wrongfully detained by police, and beaten by a mob did not establish past persecution). Substantial evidence also supports the agency's determination that, even under a disfavored group analysis, Kurniawan failed to demonstrate a sufficient individualized risk of harm to establish a well-founded fear of future persecution. *See Halim*, 590 F.3d at 977-79. We reject Kurniawan's contention that the agency applied an incorrect legal standard in analyzing her individual risk of harm. *See id*. Thus, we deny the petition as to Kurniawan's asylum claim.

Because Kurniawan did not establish eligibility for asylum, she necessarily failed to establish eligibility for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, substantial evidence supports the agency's denial of Kurniawan's CAT claim because she failed to show that it is more likely than not that she would

2                                                                                                    13-74105

be tortured by or with the consent or acquiescence of the government if returned to Indonesia. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008). The record does not support Kuniawan's contentions that the agency failed to adequately review the evidence. *See Najmabadi v. Holder*, 597 F.3d 983, 990-91 (9th Cir. 2010). Thus, we deny the petition as to Kurniawan's CAT claim.

**PETITION FOR REVIEW DENIED.**

13-74105